The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARRY HEGGEM,<br><br>        Plaintiff,<br><br>   v.<br><br>SNOHOMISH COUNTY,<br><br>        Defendant. | Case No. C09-0311-JCC<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Snohomish County's Motion to Dismiss (Dkt. No. 18), Plaintiff's Response (Dkt. No. 24), and Defendant's Reply (Dkt. No. 26). Having thoroughly considered the parties' briefing, United States Magistrate Judge Brian A. Tsuchida's Report and Recommendation ("R&R") (Dkt. No. 29), Defendant's Objections to the R&R (Dkt. No. 31), and Plaintiff's Response to the objections (Dkt. No. 40), the Court hereby finds and rules as follows.

**I.    BACKGROUND**

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 civil rights complaint against Snohomish County for allegedly violating his Eighth Amendment right to be

ORDER
PAGE - 1

free from cruel and unusual punishment by denying him medical care. (Compl. (Dkt. No. 14).)[1] Specifically, Plaintiff claims that at the time of his incarceration at the Snohomish County Jail, he was denied prescription medication, including methadone, which allegedly caused him to suffer "acute withdrawal symptoms which could have easily killed him[.]" (*Id.* at 2.)

On May 4, 2009, Defendant filed a motion to dismiss under FED. R. CIV. P. 12(b)(6), asserting that Plaintiff's Complaint failed to state a claim for municipal liability because Plaintiff did not indentify any official policy or custom that caused his alleged injury. (Mot. 2–3 (Dkt. No. 18).) Plaintiff alleged in his Response that Snohomish County Jail's medical supervisor, Nikki Behner, informed him that Defendant had a policy of providing incoming inmates undergoing methodone treatment continued methadone doses for only three days. (Resp. 3 (Dkt. No. 24).) He argued that this policy "amounted to deliberate indifference to Plaintiff's constitution[al] rights and the policy was indeed the moving force behind the constitutional violation." (*Id.*)

United States Magistrate Judge Brian A. Tsuchida issued an R&R recommending that the Court convert the motion to dismiss into a motion for summary judgment based on the fact that Plaintiff had submitted allegations outside the Complaint in his Response. (Dkt. No. 29.) Judge Tsuchida also recommended that the Court deny the motion because Plaintiff alleged specific facts showing that the withdrawal he suffered was a result of Defendant's methadone dosing policy and the question of whether there was such a policy and whether it caused the

---

[1] Plaintiff also named Andrea Holmes as a defendant in his Complaint (Dkt. No. 14), but on May 12, 2009, he filed a request to voluntarily dismiss her from this action (Dkt. No. 21). The Court granted the motion on June 1, 2009. (Dkt. No. 27.)

ORDER
PAGE - 2

harm alleged by Plaintiff are genuine issues of fact precluding summary judgment. (R&R 5 (Dkt. No. 29).)

Defendant objects to the R&R, arguing that Judge Tsuchida should not have converted the motion into one for summary judgment without affirmative notice to Defendant. (Objections 3 (Dkt. No. 31).) In addition, Defendant argues that the allegations of Defendant's methadone policy that Judge Tsuchida relied upon did not constitute reliable evidence and should not have been the basis for converting the motion into one for summary judgment. (*Id*. at 5.) Alternatively, Defendant asks the Court to clarify whether Defendant is now precluded from filing any further dispositive motions on the municipal liability claim. (*Id*. at 10.)

**II.  DISCUSSION**

The Federal Rules require that if matters outside the pleadings are presented to and not excluded by the Court on a Rule 12(b)(6) motion, the motion must be treated as one for summary judgment. FED. R. CIV. P. 12(d). The Rules also require that [a]ll parties . . . be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). "The primary vice of unexpected conversion to summary judgment is that it denies the surprised party sufficient opportunity to discover and bring forward matters which may become relevant only in the summary judgment, and not the dismissal, context." *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981).

Defendant had an opportunity to respond to Plaintiff's drug policy allegations in its Reply brief. Additionally, the denial of Defendant's motion in this circumstance provides both parties the opportunity to discover and bring forward matters that may be relevant for a future summary judgment motion. Nothing precludes Defendant from bringing a motion for summary judgment before the revised dispositive motions deadline of September 18, 2009. (7/31/09

ORDER
PAGE - 3

Minute Order (Dkt. No. 44).) The Ninth Circuit's concern that parties *against whom summary judgment is entered* be fairly apprised of a conversion of a 12(b)(6) motion into one for summary judgment is not applicable here, given that the instant motion is denied. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) ("[W]e examine the record in each case to determine whether the party *against whom summary judgment was entered* was fairly apprised that the court would look beyond the pleadings and thereby transform the 12(b) motion to dismiss into one for summary judgment.") (emphasis added) (internal quotations omitted). [2]

### III. CONCLUSION

For the foregoing reasons, the Court does hereby ORDER:

(1) The Court adopts the Report and Recommendation;

(2) Defendant's motion to dismiss (Dkt. 18) is hereby DENIED; and

(3) The Clerk of Court is directed to send a copy of this Order to Plaintiff.

DATED this 4th day of August, 2009.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] Defendant also filed a motion to strike Plaintiff's "Response to Defendant's Motion for (Summary Judgment) Dismissal," filed at Docket No. 35. (Dkt. No. 41.) Defendant's motion for dismissal noted on May 29, 2009, and therefore, Plaintiff's additional response brief, which was submitted on June 25, 2009, is untimely. The Court therefore GRANTS Defendant's motion to strike.